**Petition for Naturalization of Andres DE MAYO.**

**Petition No. 121989.**

United States District Court
N. D. California, S. D.
Dec. 7, 1956.

**760**

---

Fallon & Hargreaves, San Francisco, Cal., for petitioner.

HARRIS, District Judge.

Petitioner, born in the Philippines in 1917, seeks to be naturalized as an American citizen.

From September 11, 1941, until May 15, 1946, he served on active duty in the United States Army, a period of almost five years. He was captured by the Japanese in 1941.

The designated examiner states:

"It is to be noted that he served on Bataan, was there captured by the Japanese in 1941, made the 'Death March' to Camp Ordinelle and was confined in a Japanese concentration camp until June 30, 1942, when he was released by the Japanese and sent home. In January of 1945, he returned to U. S. Army control."

A letter of March 30, 1956, prepared by Walter J. Hewitt, Lieutenant Colonel, Signal Corps, verifies the excellent character of his service. He has recently applied for re-enlistment.

In 1946 while still in the military service petitioner filed his preliminary form for petition for naturalization with the Commissioner of Immigration and Naturalization. Because he was stationed in an area where there was no designated representative, the Department returned the application August 9, 1946.

In 1948 petitioner registered with the American Consulate at Manila seeking an immigrant visa for permanent residence in the United States. The over-subscribed quota precluded his entry. Not until August 15, 1955, was petitioner able to enter the United States where he has remained ever since. This petition, filed January 5, 1956, enables petitioner to have completed five years of residence in the United States if his service in the United States Army may be counted.

Under 8 U.S.C.A. § 724(d) in the Nationality Act of 1940,* veterans may be naturalized more than six months after they have completed their service in the Armed Forces if they can establish residence in the United States for the requisite period. The section reads as follows:

"The petitioner shall comply with the requirements of section 309 as to continuous residence in the United States for at least five years and in the State in which the petition is filed for at least six months, immediately preceding the date of filing the petition, if the termination of such service has been more than six months preceding the date of filing the petition for naturalization, except that such service shall be considered as residence within the United States or the State (54 Stat. 1149, 8 U.S.C. § 724.)

This section is supplemented by Section 2 of the Act:

"Hereafter, service in the Regular Army honorably terminated shall be credited for purposes of legal residence under the naturalization laws of the United States, regardless of the legality or illegality of the original entry into the United States of the alien, the certificate of the honorable termination of such service or a duly authenticated copy thereof made by a naturalization examiner of the Immigration and Naturalization Service being accepted in lieu of the certificate from the Department of Justice of the alien's arrival in the United States requir-

---

\* Now Immigration and Nationality Act, 8 U.S.C.A. § 1439.

·ed by the naturalization laws; and service so credited in each case shall be considered as having been performed immediately preceding the filing of the petition for naturalization."

These sections were repealed by the Immigration and Nationality Act of 1952, but the repealing legislation contained a savings clause, 8 U.S.C.A. § 1101 Note.[1]

This savings clause with the language "'or any status, condition, right in process of acquisition * * *'" has been construed in a recent decision of the Ninth Circuit. In Aure v. United States, 9 Cir., 225 F.2d 88, the Court held that a person in a status similar to that of petitioner herein is entitled to count his military service by reason of the savings clause. The Circuit Court quoted with approval from the Supreme Court decision in United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, where the Court stated:

" 'Menasche's residence, rather than his declaration' would have been sufficient to give rise to his rights under Section 405(a), and that 'our decision could be rested on this ground'. * * *'" 225 F.2d 90.

Aure had served in the Navy for more than three years when he sought to obtain his citizenship. He had made no previous application for naturalization. Though the 1940 law had been superseded by the 1952 Act, the Court held that Aure was entitled to count his Naval service in computing his period of residence and that he was eligible for naturalization.

In like manner in the case at bar, De-Mayo enjoyed a certain status or condition when he completed his tour of duty in the Army in 1946. This was a substantive right as distinguished from a procedural remedy. Under the then law he was eligible to utilize that service and substantial right in computing the five years of residence required for obtaining naturalization. Despite his diligent efforts to act on his rights in a timely manner he was frustrated (because he was stationed where there was no designated representative), until the present time from proceeding to obtain his citizenship. His status, however, was clearly established, and by reason of the savings clause it survived the repeal of the 1940 Act.

De Mayo is now eligible to become a naturalized citizen of the United States of America.

Accordingly, it is ordered that the petition for naturalization be, and the same hereby is, granted, and petitioner will be admitted upon taking the required oath.

[1]. "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, or litigation, or matter, civil or criminal, done or existing, at the time this Act shall take effect, but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. When an immigrant, in possession of an unexpired immigrant visa issued prior to the effective date of this Act, makes application for admission, his admissibility shall be determined under the provisions of law in effect on the date of the issuance of such visa. An application for suspension of deportation under section 19 of the Immigration Act of 1917, as amended, or for adjustment of status under section 4 of the Displaced Persons Act of 1948, as amended, which is pending on the date of enactment of this Act, shall be regarded as a proceeding within the meaning of this subsection."