**UNITED STATES of America, Respondent-Appellant,**

v.

**CHAN CHICK SHICK, also known as Chon Chich Shick, Petitioner-Appellee.**

**UNITED STATES of America, Respondent-Appellant,**

v.

**TAK SHAN FONG, Petitioner-Appellee.**

**Nos. 209, 210, Dockets 24883, 24420.**

United States Court of Appeals Second Circuit.

Argued March 6, 1958.

Decided March 20, 1958.

Southern District of New York, New York City, on the brief), for respondent-appellant.

Abraham Lebenkoff, New York City (Jerome J. Coin, New York City, on the brief), for petitioner-appellee Tak Shan Fong.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

## PER CURIAM.

The appeals in these two cases were heard together as each case presented the same question of law.

Chan Chick Shick, a native and citizen of China, entered the United States at New York City on March 14, 1951 as a member of the crew of the S. S. Oriental Dragon. He was admitted to shore leave on a 29 day pass but remained longer than that period. On February 4, 1952 Chan Chick Shick was deported. He returned to the United States as a seaman on the S. S. Henry Jocelyn on April 1, 1952 and thereafter jumped ship, entered the United States unlawfully and remained in this country until May 4, 1953 when he was inducted into the United States Army. He served in the continental United States and was discharged on May 3, 1955. On August 17, 1955 Chan Chick Shick filed a petition for naturalization which was opposed by the government on the ground that 8 U.S.C.A. § 1440a [1] required that the single period of physical presence of at least one year within the United States must commence immediately upon and be a result of the lawful admission. Judge Levet in an opinion dated June 21, 1956, reported at D.C. S.D.N.Y.1956, 142 F.Supp. 410, rejected

Roy Babitt, Sp. Asst. U. S. Atty., Southern District of New York, New York City (Paul W. Williams, U. S. Atty.,

---

1. 8 U.S.C.A. § 1440a:

"Notwithstanding the provisions of sections 1421(d) and 1429 of this title, any person, not a citizen, who, after June 24, 1950, and not later than July 1, 1955, has actively served or actively serves, honorably, in the Armed Forces of the United States for a period or periods totaling not less than ninety days and who (1) having been lawfully admitted to the United States for permanent residence, or (2) having been lawfully admitted to the United States, and having been physically present within the United States for a single period of at least one year at the time of entering the Armed Forces, may be naturalized on petition filed not later than December 31, 1955, upon compliance with all the requirements of this chapter * * *".

**6**

this interpretation and granted the petition.

The same objections were raised by the government to the petition of Tak Shan Fong, which was granted without opinion by Judge Murphy, Southern District of New York, by order dated July 23, 1956.

Tak Shan Fong, also a citizen and native of China, had legally entered the United States on April 24, 1951. He departed and on January 27, 1952 he returned to the United States at Newport News, Virginia, as a cabin boy on the S. S. Ocean Star but he was detained aboard ship as a *mala fide* seaman. He escaped from the ship and entered the country illegally, remaining at large for some four months until he was apprehended on June 8, 1952. Deportation proceedings were thereupon instituted and a warrant of deportation was issued, but these proceedings were abated by the induction of the petitioner into the United States Army on May 4, 1953. All his service with the Army took place in the continental United States. After his discharge from the Army on May 3, 1955, he filed his petition for naturalization on December 22, 1955.

We have recently passed upon the question presented here in United States v. Boubaris, 2 Cir., 1957, 244 F.2d 98, 100, filed subsequent to both of the orders here in question, wherein we held that § 1440a of 8 U.S.C.A. required that the "single period of at least one year" be immediately consecutive to the lawful admission required by that section. This continuity is concededly lacking in both of the present cases.

The orders appealed from are reversed and remanded with directions to dismiss the petitions.

The panel requesting consideration of these two cases by the entire court, the entire court on the authority of United States v. Boubaris, supra, unanimously declines such consideration. Chief Judge Clark, however, wishes to be noted as concurring with the views expressed in the dissenting opinion of Judge Hincks in that case, at 244 F.2d 98, 100.