**UNITED STATES of America,**
**Appellant,**

v.

**Bienvenido Victorio SISON, Appellee.**

**No. 16195.**

United States Court of Appeals
Ninth Circuit.

Oct. 23, 1959.

Norman Stiller, Phelan & Simmons, Arthur J. Phelan, Milton T. Simmons, San Francisco, Cal., for appellee.

Before MATHEWS, POPE and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Bienvenido Victorio Sison, appellee, was born on December 23, 1921, at Agoo, LaUnion Province, Republic of Philippines, and at the time of his application for naturalization was a citizen of the Republic of Philippines. He served in the United States Army (Philippine Scouts) from July 18, 1941 to August 22, 1945 (a period of four years and one month), and was honorably discharged for disability from wounds received during the defense of Corregidor. For such disability he receives disability compensation from the United States Veterans' Administration. He was admitted to the United States for the first and only time on July 1, 1956, as a temporary visitor for medical treatment for his injuries at a United States veterans' hospital in San Francisco, California.

On July 10, 1957 he filed a petition for naturalization in the United States District Court for the Northern District of California, Southern Division, under the provisions of Section 324(a) of the Nationality Act of 1940 (54 Stat. 1149, 8 U.S.C. former Section 724),* and Section 405(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note. The petition was granted by the district court on June 30, 1958. From such order the United States of America, appellant, filed its timely appeal.

Jurisdiction of the district court to hear the petition is conferred by Section 310(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1421. This Court's jurisdiction to review the order of the district court is under 28 U.S.C.A. § 1291.

Lynn J. Gillard, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

The question of law presented by the appeal is whether under the facts as outlined above, and concerning which there

* Now 8 U.S.C.A. § 1439.

is no dispute, appellee, by reason of his military service and his residence in the State of California, is entitled to United States citizenship. The solution to that problem requires a detailed study of the nationality laws as applied to an alien who has served honorably in the United States Armed Forces and who thereafter seeks to utilize such service in connection with his application for naturalization.

Prior to the Act of July 17, 1862 no statutory provision existed for the expeditious naturalization of aliens based upon service in the armed forces of the United States. The 1862 statute and other legislation enacted thereafter [1] made available various exemptions from the usual naturalization requirements after a specified period of honorable service in the armed forces. Generally, no declaration of intention was required, and the requisite residence in the United States, as well as in a State, was diminished in extent or eliminated completely. This more expeditious route to naturalization than that available to ordinary aliens was in the nature of a reward for honorable service in the armed forces of the United States.

While the appellant has called to our attention provisions of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1101 et seq.), the Act of June 30, 1953 (67 Stat. 108, 8 U.S.C.A. § 1440a), Sections 701 and 702 added to the Nationality Act of 1940 by Act of March 27, 1942 (56 Stat. 182, 8 U.S.C. former sections 1001–1002), and argues that appellee was not eligible for naturalization or had acquired any "status" under any of said Acts, appellee made no such contentions in the district court and makes no contention before this Court. We have examined all of said statutes and are satisfied that if Appellee had made any claims under any of such sections, such claims would have been unavailing. Appellee relies on three statutes to support the order of the district court. The first is the Nationality Act of 1940, Section 324 (54 Stat. 1149, 8 U.S.C.A. former section 724), the pertinent provisions of which are set out below.[2] The second is Section 2 of the Act of August 16, 1940 (54 Stat.

I. Acts of July 26, 1894; June 30, 1914; May 9, 1918; July 19, 1919; May 26, 1926; March 4, 1929; May 25, 1932; July 30, 1937; August 19, 1937; June 21, 1939; August 16, 1940; October 14, 1940. The last two mentioned are those relied upon in the instant case.

2. Section 324:

"(a) A person, including a native-born Filipino, who has served honorably at any time in the United States Army, Navy, Marine Corps, or Coast Guard for a period or periods aggregating three years and who, if separated from such service, was separated under honorable conditions, may be naturalized without having resided, continuously immediately preceding the date of filing such person's petition, in the United States for at least five years and in the State in which the petition for naturalization is filed for at least six months, if such petition is filed while the petitioner is still in the service or within six months after the termination of such service.

"(b) A person filing a petition under subsection (a) of this section shall comply in all respects with the requirements of this subchapter except that—

"(1) No declaration of intention shall be required;

"(2) No certificate of arrival shall be required;

"(3) No residence within the jurisdiction of the court shall be required;

"(4) Such petitioner may be naturalized immediately if the petitioner be then actually in any of the services prescribed in subsection (a) of this section, and if, before filing the petition for naturalization, such petitioner and at least two verifying witnesses to the petition, who shall be citizens of the United States and who shall identify petitioner as the person who rendered the service upon which the petition is based, have appeared before and been examined by a representative of the Service.

"(c) * * * * *

"(d) The petitioner shall comply with the requirement of section 309 as to continuous residence in the United States for at least five years and in the State in which the petition is filed for at least six months, immediately preceding the date of filing the petition, if the termination of such service has been more than six months preceding the date of filing the petition for naturalization, except that:

788).[3] The third is the general savings clause of the Immigration and Nationality Act of 1952, Section 405(a) (8 U.S. C.A. Section 1101 note).[4]

Under the exception set forth in Section 324(d), which reads as follows "except that such service shall be considered as residence within the United States or the State," appellee claims the right to use his term of military service of four years and one month as constructive residence within the United States and a State thereof. Under Section 2 of the Act of August 16, 1940, appellee claims the right to have his military service credited for purposes of legal residence as having been performed immediately preceding the filing of his petition for naturalization. The above two statutes were expressly repealed by the Immigration and Nationality Act of 1952, but said Act contained the general savings clause set forth under footnote 4. It is the appellee's position that the "status", rights or benefits conferred upon him by the repealed statutes were expressly preserved by such savings clause.

In granting appellee's petition for naturalization the district court relied upon the statutes quoted supra and Petition of De Mayo, D.C.N.D.Cal.1956, 146 F. Supp. 759, the facts of which were essentially the same as the facts in the instant case.

While appellant concedes that the Act of August 16, 1940 was not expressly repealed until the enactment of the Immigration and Nationality Act of 1952, the appellant contends that the Act of August 16, 1940 was impliedly repealed by the Nationality Act of 1940 which expressly repealed the Nationality Act of 1906 as amended. This contention of appellant is based upon the argument that the Act of August 16, 1940 was enacted prior to the Nationality Act of 1940 (October 14, 1940); that in the Act of August 16, 1940 reference is twice made to the "naturalization laws"; that the naturalization laws then existing were contained in the Nationality Act of 1906 as amended; that the 1906 Act was expressly repealed by the Nationality Act of 1940; and that the Act of August 16, 1940 was fragmentary special legislation concerned with "pay" and "reenlistment", and designed for a specific class of enlisted men whom Congress desired to protect. Therefore appellant argues that no "status", right or benefit was conferred on appellee which was preserved by the savings clause of the 1952 Act.

With respect to Section 324(d) of the Nationality Act of 1940, appellant contends that since appellee filed his petition more than six months beyond the termination of his military service it was en-

such service shall be considered as residence within the United States or the State.

"(e) *    *    *    *    *"

3. Section 2:

"Hereafter, service in the Regular Army honorably terminated shall be credited for purposes of legal residence under the naturalization laws of the United States, regardless of the legality or illegality of the original entry into the United States of the alien, the certificate of the honorable termination of such service or a duly authenticated copy thereof made by a naturalization examiner of the Immigration and Naturalization Service being accepted in lieu of the certificate from the Department of Labor of the alien's arrival in the United States required by the naturalization laws; and service so credited in each case

shall be considered as having been performed immediately preceding the filing of the petition for naturalization."

4. Section 405(a):

"Nothing contained in this Act, unless specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, con-

cumbent upon him to comply with the provisions of Section 309 of the Nationality Act of 1940** which required continuous residence in the United States for at least five years and in a State in which the petition was filed for at least six months immediately preceding the date of filing the petition, and that therefore the military service for which the statute grants a credit on residence must be military service during the five years immediately preceding the date of filing the petition for naturalization. Therefore appellant contends that since appellee's military service occurred more than five years, to-wit twelve years, prior to the date of filing the petition for naturalization appellee can claim no credit on residence by reason of such military service, and can claim no "status", rights or benefits which were preserved under the savings clause set forth in footnote 4.

We have reached the conclusion that the district court was in error in granting citizenship to the appellee under the facts of this case and applicable law. We reach such conclusion not on the contentions of the appellant that the Act of August 16, 1940 was repealed by implication, or that appellee had no "status", rights or benefits to be preserved by the savings clause. On the contrary, in reaching such conclusion we can assume arguendo that the Act of August 16, 1940, and Section 324(d) of the Nationality Act of 1940 conferred upon appellee rights and benefits which were preserved by the savings clause. In so. assuming, the very most that appellee can claim is the right to consider his military service "as residence within the United States or the State", and the right to consider such service "as having been performed *immediately preceding the filing of the petition for naturalization.*" (Emphasis added.) The result is, based on such assumptions, that appellee established before the district court a constructive resi-

dence in the United States for only four years and one month. Appellee concedes as much when he concludes in his brief with the following: "Under the Acts of August 16, 1940 and October 14, 1940, supra, appellee, by reason of his service for more than three years in the regular Army, derived certain benefits, privileges and rights toward naturalization, i. e., to use said service for purposes of legal residence under the naturalization laws, to have it considered as having been performed immediately preceding the filing of a petition for naturalization, and to qualify for naturalization without the necessity of establishing legal entry for permanent residence."

Even under the teaching of United States v. Menasche, 1955, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, holding that statutory rights to naturalization are to be broadly construed, we are unable to conclude the petitioner can claim more than four years and one month residence within the United States, less than the five-year general requirement of the Immigration and Nationality Act of 1952, Section 316, 8 U.S.C.A. § 1427.

In disagreeing with the holding of Petition of De Mayo, supra, we should call attention to the fact that in the De Mayo opinion, at page 760 of 146 F. Supp., the court first quoted 8 U.S.C.A. former Section 324(d), (Section 724(d) of the 1940 Act), then continued to say, "This section is supplemented by Section 2 of the Act." The Section 2 referred to is not a part of the 1940 Act but is Section 2 of the Act of August 16, 1940, which was enacted some two months prior to the 1940 Act. It is our view that the credit on residence for the military service of appellee cannot be tacked onto his actual residence within the United States, since such military service is not deemed to be constructive residence prior to actual residence, but is deemed to be constructive residence immediately prior

ditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided for

therein, hereby continued in full force and effect."

** Now 8 U.S.C.A. § 1446(g).

to the filing of the petition for naturalization. We find no statutory authority for the accumulative process which was followed in the De Mayo case and by the district court in this case. Under the statutes relied upon by appellee military service can be a substitute for residence, but cannot be cumulative with it. Thus, at best, appellee's year of residence prior to filing his petition for naturalization is concurrent with his credit on residence of one year of his military service, but is not cumulative with it.

Recently the Supreme Court of the United States construed Section 1 of the Act of June 30, 1953, c. 162, 67 Stat. 108, 8 U.S.C. (Supp. V) § 1440a, in Tak Shan Fong v. United States, 359 U.S. 102, 79 S.Ct. 637, 641, 3 L.Ed.2d 662. This statute provides for the naturalization of aliens serving at least ninety days in the armed forces after June 24, 1950 and not later than July 1, 1955. The concluding paragraph of the opinion reads as follows:

"Of course, we must be receptive to the purpose implicit in legislation of this sort, to express the gratitude of the country toward aliens who render service in its armed forces in its defense. But that does not warrant our rationalizing to an ambiguity where fairly considered none exists, or extending the generosity of the legislation past the limits to which Congress was willing to go. The service petitioner has rendered this country might inspire legislative relief in his behalf; but here we take the statute as it stands, and under it the judgment of the Court of Appeals [2 Cir., 254 F.2d 4] was correct."

Similar language might be appropriately applied to the instant case.

As indicated, we have not passed on the contentions advanced by the appellant, but hold that under the statutes relied upon by the appellee, even if applicable, nevertheless appellee has failed to satisfy the five-year residence requirement or any substitute therefor. Appellee's maximum constructive residence is eleven months short of that required by law for naturalization. The judgment of the district court, therefore, must be and is hereby reversed.