Petition for **NATURALIZATION OF Maximo MATA.**

**No. 140395.**

United States District Court
N. D. California, S. D.
July 7, 1961.

524

Phelan & Simmons, Milton T. Simmons, Attorneys, San Francisco, Cal., for petitioner.

Daniel H. Lyons, Gen. Atty. (Nationality) for U. S. Immigration & Naturalization Service, San Francisco, Cal., for the United States.

OLIVER J. CARTER, District Judge.

Petitioner is a native and citizen of the Republic of the Philippines. He was admitted into the United States at Honolulu, Hawaii, on July 8, 1959, as a temporary visitor in accordance with the provisions of 8 U.S.C.A. § 1101(a) (15) (B). He has never been admitted to the United States for permanent residence. However, petitioner has honorably served the United States in the United States Navy in excess of twenty years.

The records of the United States Navy establish that petitioner originally enlisted in said service in the Philippine Islands on August 4, 1916, and served honorably therein, in an active duty status from that date until September 15, 1932, when he was transferred to the Naval Fleet Reserve and released to inactive duty. Petitioner was recalled to active duty on October 17, 1940, and again released to inactive duty in the Fleet Reserve on April 10, 1946. On August 1, 1946, he was transferred to the Retired List by reason of completion of thirty years' service, active and inactive duty.

This petition was filed on December 2, 1959, under the provisions of Section 324 of the Nationality Act of 1940 [1] coupled with Section 405 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 note, as well as Section 329 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1440.

This Court first directs its attention to the question of whether or not petitioner meets the conditions set forth in Section 329 of the Immigration and Nationality Act of 1952, 66 Stat. 250, 8 U.S.C.A. § 1440. Section 329 authorizes the summary naturalization of any person who, while an alien, served honorably in an active-duty status in "the military, air, or naval forces of the United States" during the period beginning September 1, 1939 and ending December 31, 1946, if: (1) at the time of enlistment or induction such person was in the United States, the Canal Zone, American Samoa, or Swains Island; or (2) at any time subsequent to enlistment or induction such person has been lawfully admitted to the United States for permanent residence.

Petitioner has not been admitted to the United States for permanent residence; therefore, the applicability of Section 329 turns on the meaning of "the United States, the Canal Zone, American Samoa, or Swains Island." Petitioner contends he enlisted in the "United States" because his original enlistment was in 1916 while the Philippine Islands was a possession of the United States.

■ Section 101(a) (38) of the Immigration and Nationality Act of 1952, 66 Stat. 171, 8 U.S.C.A. § 1101(a) (38), states that:

"The term 'United States', except as otherwise specifically herein provided, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States."

1. Now 8 U.S.C.A. § 1439.

This Court deems Judge Goodman's opinion in the Petition for Naturalization of Garces, D.C.N.D.Cal.1961, 192 F.Supp. 439, 440 as controlling on this point wherein he stated:

"This specific definition leaves no room for interpreting the term 'United States' in Section 329 as including the Philippine Islands prior to their independence."

██ As an alternative basis for obtaining summary naturalization, petitioner relies on Section 324 of the Nationality Act of 1940, 54 Stat. 1149, 8 U.S.C. § 724 (1940 ed.), as made applicable by the general savings clause in the Immigration and Nationality Act of 1952, § 405, 66 Stat. 280, 8 U.S.C.A. § 1101 note.

Section 324(a) provides that:

"A person, including a native-born Filipino, who has served honorably at any time in the United States * * * Navy, * * * for a period or periods aggregating three years and who, if separated from such service, was separated under honorable conditions, may be naturalized without having resided, continuously immediately preceding the date of filing such person's petition, in the United States for at least five years and in the State in which the petition for naturalization is filed for at least six months, if such petition is filed while the petitioner is still in the service or within six months after the termination of such service."

Section 324(d) provided that:

"The petitioner shall comply with the requirements of section 709 as to continuous residence in the United States for at least five years and in the State in which the petition is filed for at least six months, immediately preceding the date of filing the petition, if the termination of such service has been more than six months preceding the date of filing the petition for naturalization, except that such service shall be considered as residence within the United States or the State."

Petitioner's position is that, when the above two sections are read together, any person who has served in the Armed Forces for a period of five years is then eligible for naturalization without a permanent residence status because his five years' service should be regarded as residence within the United States.

The position of the Naturalization Service is that a petitioner who files after the expiration of six months service as described in Section 324(a) must meet the general requirements for naturalization, except that under Section 324(d) he is permitted to count as his residence in the United States so much of the service as is performed within the five-year period immediately preceding the date of the filing of the petition.

8 C.F.R. 334.4 (in effect prior to December 24, 1952) provided:

"Where an alien has performed the service specified in § 334.1, but fails to file a petition for naturalization while still in such service or within six months after the termination of such service, he shall not be entitled to any of the exemptions set forth in § 334.2, except that such a petitioner for naturalization may prove his good moral character, attachment to the principles of the Constitution of the United States, and favorable disposition toward the good order and happiness of the United States, for any period or periods, during the five-year period immediately preceding the filing of the petition, of service specified in § 334.1, by the production of duly authenticated copies of the records of the executive departments having custody of the records of such service, as described in such section, in lieu of affidavits and testimony or depositions of witnesses for the period or periods of such service."

The comparable section in the 1952 Act eliminates any doubt as to when the service had to be performed after six months had lapsed. Section 328(d) of

the 1952 Act (8 U.S.C.A. § 1439(d)) provided that:

"The petitioner shall comply with the requirements of section 316(a) (8 U.S.C. 1427 (a)) of this title, if the termination of such service has been more than six months preceding the date of filing the petition for naturalization, except that such service within five years immediately preceding the date of filing such petition shall be considered as residence and physical presence within the United States."

House Report No. 1365 (82nd Congress 2nd Session) with respect to this Section stated that:

" * * * This provision in section 328 of this bill carries forward substantially the provisions of existing law in section 324 of the Nationality Act of 1940."

It is apparent that Congress placed the same construction upon this section as had the Naturalization Service since its enactment in 1940. The United States Court of Appeals for the Ninth Circuit tacitly agreed with this position in United States v. Sison, 272 F.2d 366, 370. The Court in that case was considering section 324(d) coupled with section 2 of the Act of August 16, 1940 (54 Stat. 788), which was applicable to army personnel only and contained the provision that such service could be considered "as having been performed immediately preceding the filing of the petition for naturalization." Section 2 of the August 16, 1940 Act is not applicable to this petitioner. It is likewise implicit in the holding of the District Court in the Petition of De Mayo, D.C.N.D.Cal.1956, 146 F. Supp. 759. The De Mayo case was overruled by the Sison case as to the question of tacking. However, both De Mayo and Sison considered the language quoted supra from section 2 of the August 16, 1940 Act supplementary to section 324 (d). It is obvious that if the court had put the construction on section 324(d) that petitioner urges herein there would have been no necessity to rely on section 2 of the August 16, 1940 Act.

The petitioner cannot bring himself within the conditions of section 324(d) of the 1940 Act, nor has he brought to the attention of this Court any other provision authorizing his naturalization; therefore, his application must be denied.

It Is Ordered that petitioner's application for naturalization be, and the same is hereby denied.