Petition for NATURALIZATION OF
Pedro GARCES, Maximino Soli-
ven Ramos.
Nos. 140123, 141585.

United States District Court
N. D. California, S. D.,
at San Francisco.
March 1, 1961.

Phelan & Simmons and Milton T. Sim-
mons, San Francisco, Cal., for petitioner
Pedro Garces.

No appearance for petitioner Maximo
Ramos.

Daniel H. Lyons, U. S. Immigration
and Naturalization Service, San Fran-
cisco, Cal., for the United States.

GOODMAN, Chief Judge.

Maximino Ramos and Pedro Garces,
both Philippine nationals, have filed peti-
tions seeking summary naturalization by
virtue of their military service in the
Philippine Scouts during the period from
March, 1946 to February, 1949. Ramos
was admitted to the United States for
permanent residence on January 23, 1960.
Garces was admitted to the United States
on May 19, 1959 as a temporary visitor
upon condition that he post a mainte-
nance and departure bond. No bond hav-
ing been posted, he was ordered excluded
and deported on June 10, 1959. Succes-
sive stays of departure have been grant-
ed.

Section 329 of the Immigration and
Nationality Act of 1952, 66 Stat. 250, 8
U.S.C.A. § 1440, authorizes the summary
naturalization of any person who, while
an alien served honorably in an active-
duty status in "the military, air, or naval
forces of the United States" during the
period beginning September 1, 1939 and
ending December 31, 1946 if: (1) at the
time of enlistment or induction such per-
son was in the United States, the Canal
Zone, American Samoa, or Swains Is-
land; or (2) at any time subsequent to
enlistment or induction such person has
been lawfully admitted to the United
States for permanent residence.

Since Ramos has been admitted to
the United States for permanent resi-
dence, he is entitled to summary naturali-
zation pursuant to Section 329 if his
service in the Philippine Scouts consti-

tuted service in "the military, air, or naval forces of the United States." Ramos was enlisted in the Philippine Scouts on March 30, 1946, under the provisions of Section 14 of the Act of October 6, 1945, 59 Stat. 538, 543, which provided that:

> "The Secretary of War, with the approval of the Philippine Government, is hereby authorized to enlist in the Philippine Scouts, with pay and allowances authorized under existing law, 50,000 men for service in the Philippine Islands, in the occupation of Japan and of lands now or formerly subject to Japan, and elsewhere in the Far East. Such enlistments shall be for three years unless sooner terminated and citizens of the Philippine Islands shall be eligible to volunteer for such service."

The Philippine Scouts were at this time a long-established unit of the Army of the United States existing by virtue of Section 36 of the Act of February 2, 1901, 31 Stat. 757, 10 U.S.C. (1946 Ed.) § 321, which authorized the President, when in his opinion conditions in the Philippine Islands justified such action, "to enlist natives of those Islands for service in the Army, to be organized as scouts." Miguel v. McCarl, 1934, 291 U. S. 442, 452, 54 S.Ct. 465, 78 L.Ed. 901. The Act of October 6, 1945 merely altered the numerical composition of the Scouts and the geographical area in which they were authorized to serve. The Act did not affect their existing status as a unit of the Army of the United States even though it was enacted in contemplation of the impending grant of independence to the Philippine Islands. Nothing has been called to the attention of the Court which would raise any doubt that Ramos' service in the Philippine Scouts constituted service in "the military, air, or naval forces of the United States." He is consequently entitled to summary naturalization pursuant to the provisions of Section 329 of the Immigration and Nationality Act of 1952.

■ Since the petitioner Garces has not been admitted to the United States for permanent residence, his eligibility for summary naturalization pursuant to Section 329 by virtue of his service in the Philippine Scouts, is dependent upon whether or not at the time of his enlistment in March, 1946 he was in "the United States, the Canal Zone, American Samoa, or Swains Island." It is not disputed that at the time of his enlistment he was in the Philippine Islands. But, it is urged that since his enlistment in March, 1946 was prior to the grant of complete independence to the Philippine Islands on July 4, 1946, he should be deemed to have been in the United States at the time of his enlistment. But, Section 101(a) (38) of the Immigration and Nationality Act of 1952, 66 Stat. 171, 8 U.S.C.A. § 1101(a) (38), states that: "The term 'United States', except as otherwise specifically herein provided, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States." This specific definition leaves no room for interpreting the term "United States" in Section 329 as including the Philippine Islands prior to their independence.[1]

■ As an alternative basis for obtaining summary naturalization, petitioner Garces relies on Section 324 of the Nationality Act of 1940, 54 Stat. 1149,

---

1. It was also urged that Petitioner Garces qualifies for naturalization pursuant to Section 329's statutory predecessor, Section 324a of the Nationality Act of 1940, added by the Act of June 1, 1948, 62 Stat. 282, 8 U.S.C. (1946 Ed.Supp. V) § 724a, and as made applicable by the general savings clause in the Immigration and Nationality Act of 1952, § 405, 66 Stat. 280, 8 U.S.C.A. § 1101 note.

But, his ineligibility under that Section is manifest, since it specifically conditions eligibility upon presence at the time of enlistment in "the United States or an outlying possession (including the Panama Canal Zone, *but excluding the Philippine Islands*)." The statute makes no distinction between the Philippine Islands prior to independence and after independence.

8 U.S.C. (1940 Ed.) § 724,* as made applicable by the general savings clause in the Immigration and Nationality Act of 1952, Section 405, 66 Stat. 280. Section 324 of the Nationality Act of 1940 provides that a person, including a native-born Filipino, who has served honorably at any time in the United States Army for a total period of three years may be naturalized without any period of residence in the United States if his petition for naturalization is filed while in the service or within six months thereafter, or he may have the period of his service applied toward the required five-year period of residence if his petition for naturalization is filed more than six months after the termination of his service.

In opposing petitioner Garces' naturalization pursuant to Section 324 of the Nationality Act of 1940, the Government has placed greatest emphasis on two contentions: (1) that service in the Philippine Scouts by persons enlisted pursuant to the Act of October 6, 1945, 59 Stat. 538, did not constitute service in the "Army" of the United States as distinguished from service in the "military forces" of the United States; and (2) that Garces did not in fact serve for three years in the Philippine Scouts, although his enlistment was for that period, in view of the fact that he was discharged with 60 days terminal leave after serving two years, ten months, and twelve days. Both of these issues have been discussed at length in the Government briefs. But, it is unnecessary to consider either issue since it clearly appears from the undisputed record that Garces has not met the residence requirements of Section 324. Since Garces' petition for naturalization was filed more than six months after the termination of his service in the Philippine Scouts, he must establish five years' residence in the United States immediately preceding the filing of his petition, with the qualification that the period of his service shall be considered as residence within the United States. Assuming that he should be credited with three years' residence in the United States immediately preceding the filing of the petition by virtue of his service in the Philippine Scouts, he still fails to meet the five-year residence requirement inasmuch as the period of time between his entry into the United States on May 19, 1959, and the filing of his petition for naturalization on November 5, 1959 was less than six months.[2]

It is therefore ordered that the petition of Maximino Soliven Ramos for naturalization be and it is hereby granted, and that the petition of Pedro Garces for naturalization be and it is hereby denied.

* Now 8 U.S.C.A. § 1439.

2. There is reference in the record to service by Garces to the United States Forces as a guerrilla in the Philippines during World War II. But there is no competent evidence of military service during World War II of such character as would qualify him for naturalization pursuant to Section 324 of the Nationality Act of 1940.