**In re Petition of Jose Layugan CARBE-ZON, for Naturalization.**

United States District Court
S. D. New York.
Nov. 29, 1962.

David N. Ilchert, U. S. Naturalization Examiner, for U. S. Immigration and Naturalization Service.

John J. Barry, Long Island City, N. Y., for petitioner.

MacMAHON, District Judge.

Petitioner, a native and national of the Philippines, entered the United States as an exchange student on August 28, 1955. More than five years later, on April 3, 1961, he filed a petition under Section 329 of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1440) seeking summary naturalization by virtue of his military service as a member of the Philippine Commonwealth Army during the period from November 12, 1944 to November 14, 1945. Section 329 provides for the summary naturalization of "Any person who, while an alien or a noncitizen national * * * has served honorably * * * in the military, air, or naval forces of the United States * * * during a period beginning September 1, 1939, and ending December 31, 1946, * * * if (1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island * * * or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence."

There is no dispute that petitioner's service in the Philippine Army was honorable, was during the proscribed period, and is qualifying military service under Section 329. Petition of Agustin, 62 F. Supp. 832 (N.D.Cal.1945). However, since petitioner has never been admitted to the United States for permanent residence, his eligibility for naturalization under that Section depends upon whether he was "in the United States, the Canal Zone, American Samoa, or Swains Island" at the time of his induction.

It is conceded that petitioner was inducted in the Philippine Islands on November 12, 1944, but petitioner urges, nevertheless, that he should be deemed to have been in the United States at that time because the Philippine Islands were then an outlying possession of the United States, and Congress, in enacting Section 329, intended the term "United States" to have retroactive effect.

Petitioner's contention is not tenable. Section 101(a) (38) of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1101(a) (38)) provides:

"(a) As used in this *chapter*—

* * * * * *

"(38) The term 'United States', *except as otherwise specifically herein provided,* when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States." (Emphasis supplied.)

This express and specific declaration of congressional intent precludes an interpretation of the term "United States", in Section 329 as including the Philippine Islands at the time of petitioner's induction. Petition for Naturalization of Garces and Ramos, 192 F.Supp. 439 (N.D. Cal.1961).

In support of his contention, petitioner also points to the Act of June 21, 1941 (55 Stat. 252) which defined the term "United States" as including "the Commonwealth of the Philippines". That Act, however, was concerned with the departure and entry into the United States of persons contrary to the public safety and was not applicable to the naturalization of persons serving in the armed forces of the United States. In contradistinction, the Nationality Act of 1940 (54 Stat. 1137), which contained provisions for the naturalization of servicemen, defined the term "United States" but did not include the Philippine Islands.

Petitioner also argues that by virtue of his military service in the Philippine Army, he possessed a right of summary naturalization which was preserved by Section 405 of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1101 note). Petitioner did not possess any right or status as a result of his military service that could be preserved by

Section 405 due to his failure to file, prior to January 1, 1947, a petition under Section 701 of the Nationality Act of 1940 (59 Stat. 658), and due to his ineligibility for naturalization under Section 324A of the same Act (62 Stat. 281).[*]

Accordingly, petitioner's application for naturalization is denied. So ordered.