**Antonio Mendoza BANAAG, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 81–4233.**

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 1982.*

Decided Jan. 4, 1983.

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Robert Klitzkie, P.C., Brooks & Klitzkie, Agana, Guam, for petitioner.

John T. Bannon, Jr., Washington, D.C., for respondent.

Before CHOY, ALARCON and CANBY, Circuit Judges.

CHOY, Circuit Judge:

Antonio Mendoza Banaag is a 54-year-old citizen of the Philippines. He served in the armed forces of the United States from May 20, 1946 to April 22, 1949 and received an honorable discharge. In 1978, while in the United States as a nonimmigrant temporary worker, he filed a petition for naturalization based on his service in the armed forces. The district court denied his petition.

Banaag appeals from the district court's denial of his petition arguing that he is eligible for naturalization under each of three statutes granting preferential treatment to certain aliens who served in the United States Armed Forces. The three statutes relied upon by Banaag are the Second War Powers Act, Ch. 199, § 1001, 56 Stat. 176, 182–83 (1942), *repealed by* Immigration and Nationality Act of 1952, Pub.L. No. 82–414, § 403(a)(42), 66 Stat. 163, 280; the Immigration and Nationality Act of 1952, § 328, 8 U.S.C. § 1439; and the Immigration and Nationality Act of 1952, § 329, 8 U.S.C. § 1440. Because we find that Banaag fails to meet at least one specific eligibility requirement contained in each of the three statutes, we affirm the district court's judgment.

I. *Section 1001 of the Second War Powers Act*

■ Section 1001 of the Second War Powers Act amended the Nationality Act of 1940 by adding §§ 701 and 702. These two sections provided for the naturalization of aliens serving honorably in the United States Armed Forces during World War II. Congress again amended the 1940 Act in 1945 by adding § 706 which provided that naturalization under §§ 701 and 702 be restricted only to those who had served prior to December 28, 1945. Act of December 28, 1945, Pub.L. No. 79–270, § 202(c), 59 Stat. 658, *repealed by* Immigration and Nationality Act of 1952, Pub.L. No. 82–414, § 403(a)(42), 66 Stat. 163, 280.[1]

Banaag did not enter the United States Armed Forces until May 20, 1946, almost

1. Although Sections 701, 702 and 706 of the Nationality Act of 1940 were repealed by the Immigration and Nationality Act of 1952, Banaag may be entitled to naturalization if he can establish that he meets the requirements of the repealed sections. This possibility is created by the holding of *In re Naturalization of 68 Filipino War Veterans*, 406 F.Supp. 931 (N.D. Cal.1975). The court in that case authorized the naturalization of certain Filipinos who served during World War II if they could establish their eligibility under the repealed §§ 701

five months after the cut-off date set forth in § 706. He thus clearly is ineligible for naturalization under §§ 701 and 702.

## II. Section 1439, 8 U.S.C.

■ Section 1439, 8 U.S.C., provides that a person who has served honorably in the armed forces of the United States for three years and who meets certain other requirements is eligible for naturalization. Banaag concedes that he did not serve three complete years but argues that his 35-month service should be deemed sufficient. He, however, cites no authority for, and we decline to carve out, a de minimis exception to the three-year statutory requirement. Our interpretation of the statute as precluding a de minimis exception is supported by a regulation applicable to the military departments concerning the naturalization of aliens under § 1439. The regulation cautions against the discharge of an alien even a "few days short of the 3-year statutory period, since failure to comply with the exact 3-year requirement of . . . 8 U.S.C. 1439 will automatically preclude a favorable determination by the Immigration and Naturalization Service on any petition for naturalization based on an alien's military service." 32 C.F.R. § 94.4(a)(4) (1981).[2] Banaag's failure to serve the required three years renders him ineligible for naturalization under § 1439.[3]

## III. Section 1440, 8 U.S.C.

■ Section 1440, 8 U.S.C., authorizes the summary naturalization of an alien who

served honorably in the military, air, or naval forces of the United States between September 1, 1939 and December 31, 1946 if: "(1) at the time of enlistment or induction such person shall have been in the United States, the Canal Zone, American Samoa, or Swains Island, whether or not he has been lawfully admitted to the United States for permanent residence, or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence." While Banaag meets the statutory requirement of having served honorably between September 1, 1939 and December 31, 1946, he fails to satisfy either of the remaining alternate conditions for eligibility.

Banaag concedes that he had never been lawfully admitted to the United States for permanent residence. His claim of eligibility for relief under § 1440 thus turns on whether he was in the United States, the Canal Zone, American Samoa or the Swain Islands at the time of his enlistment. Banaag was in the Philippines at the time of his enlistment. He, nevertheless, argues that he should be deemed to have been in the United States as required by § 1440 because at the time of his enlistment the Philippines had yet to attain independence and was thus part of the United States.

Banaag's argument is without merit. The term "United States" as used in § 1440 is defined by 8 U.S.C. § 1101(a)(38) as "the continental United States, Alaska, Hawaii,

and 702. (The Filipino veterans had all apparently satisfied § 706 by serving during World War II.

2. Our interpretation of the statute is also supported inferentially by *Dela Cena v. United States,* 249 F.2d 341, 343 (9th Cir.1957), where, without specifically addressing the de minimis question, this circuit denied relief under 8 U.S.C. § 1439 to an alien who served 22 days less than the required three years.

3. Even if we recognized a de minimis exception to the three-year requirement, Banaag would still be ineligible for naturalization under § 1439 because he fails to meet two other eligibility requirements imposed by the statute. In addition to three years of service, the alien, to

be eligible for the preferential treatment provided by § 1439, must have been lawfully admitted for permanent residence, *Sing Chow v. United States,* 327 F.2d 340, 341 (9th Cir.1964), and must have filed his or her petition for naturalization while still in the service or within six months after discharge. *In re Naturalization of Garces,* 192 F.Supp. 439, 441 (N.D. Cal.1961). Banaag has never been admitted to the United States for permanent residence nor did he file his petition while in the service or within six months of his discharge (he filed approximately 28 years after his discharge). The denial of relief under § 1439 is thus justified on these two additional grounds.

Puerto Rico, Guam, and the Virgin Islands." This specific definition leaves no room for construing the term "United States" as including the Philippines prior to its independence. *See In re Naturalization of Garces,* 192 F.Supp. 439 (N.D.Cal.1961).[4] Moreover, the identical argument raised by Banaag has been considered and rejected by a number of district courts. *In re Carbezon,* 210 F.Supp. 919, 920 (S.D.N.Y.1962); *In re Naturalization of Mata,* 196 F.Supp. 523, 525 (N.D.Cal.1961); *In re Naturalization of Garces, supra,* 192 F.Supp. at 440. We, too, reject Banaag's claim that he was present in the United States at the time of his enlistment and find that he is ineligible for naturalization under § 1440.

Banaag is not eligible for naturalization under any of the three statutes upon which he relies in this appeal. The district court's denial of his petition for naturalization is thus AFFIRMED.

---

**4.** We find unpersuasive Banaag's claim that we should look to the Second War Powers Act to construe the term "United States" instead of the definition provided in § 1101(a)(38).