**Alejandro GARCIA,
Petitioner-Appellant,**

v.

**UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent-Appellee.**

No. 85–5555.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1986.

Decided Feb. 27, 1986.

Miller & Miller, Robert L. Miller, Los Angeles, Cal., for petitioner-appellant.

Lawrence Chamblee, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before KENNEDY, SCHROEDER, and FERGUSON, Circuit Judges.

PER CURIAM:

Appellant Alejandro Garcia appeals from the district court's denial of his petition for naturalization. He enlisted in the United States Navy in the Philippines in 1958 and was honorably discharged in 1964. He traveled to the United States on military orders in 1958, 1961, and 1963. His primary contention is that the Lodge Act, ch. 443, 64 Stat. 316 (1950), *amended by* Immigration and Nationality Act of 1952, ch. 477, tit. IV, § 402(e), 66 Stat. 276 (repealed 1981), provides for the naturalization of aliens who have completed five or more years of "military service," and that "military service" encompasses service in all branches of the armed forces and not just the army. We reject this argument and affirm the district court's order.

The purpose of the Lodge Act was to overcome obstacles to the enlistment of noncitizens in the United States Army in 1950. The Act was entitled "An Act to provide for the enlistment of aliens in the regular army." Lodge Act, ch. 443, 64 Stat. 316 (1950). The first three sections of the Act as it was originally enacted authorized the Secretary of the Army to enlist up to 2500 aliens in the regular army for periods of at least five years. In 1952, Congress amended the Act, adding the provision at issue in this case. That amendment deemed those servicemen enlisted pursuant to the Lodge Act admitted for permanent residence in the United States. *In re Todorov*, 253 F.Supp. 977, 979 (N.D. Ill.1966). It read:

Notwithstanding the dates or periods of service specified and designated in section 329 of the Immigration and Nationality Act, the provisions of that section are applicable to *aliens enlisted or reenlisted pursuant to the provisions of this Act* and who have completed five or more years of military service, if honorably discharged therefrom. *Any alien enlisted or reenlisted pursuant to the*

*provisions of this Act* who subsequently enters the United States, American Samoa, Swains Island, or the Canal Zone, pursuant to military orders shall, if otherwise qualified for citizenship, and after completion of five or more years of military service, if honorably discharged therefrom, be deemed to have been lawfully admitted to the United States for permanent residence within the meaning of such section 329(a).

Immigration and Nationality Act of 1952, ch. 477, tit. IV, § 402(e), 66 Stat. 276 (emphasis added). Enlistment "pursuant to the provisions of this Act" refers to enlistment in the regular army. *See Todorov,* 253 F.Supp. at 979 ("The Lodge Act contains the applicable standards for naturalization of aliens who enlisted under *its* provisions.") (emphasis in original). Consequently, the term "military service" can only mean service in the regular army. Since Garcia served in the United States Navy rather than the Army, he did not enlist under the Lodge Act, and its naturalization provisions are inapplicable to him.

Garcia is also ineligible for naturalization pursuant to sections 328 and 329 of the Immigration and Nationality Act, 8 U.S.C. §§ 1439, 1440. Section 328 provides for the naturalization of persons who have served honorably in the United States armed forces at any time for an aggregate period of three years, so long as the petition for naturalization is filed while the petitioner is still in the armed forces or within six months of the termination of his service. 8 U.S.C. § 1439(a) (1982). Garcia was discharged in 1964 but did not file his petition for naturalization until 1980 (according to him) or 1982 (according to the Immigration and Naturalization Service), well over six months after the termination of his military service. *See In re Naturalization of Garces,* 192 F.Supp. 439, 441 (N.D.Cal.1961) (petition filed more than six months after termination of military service).

Section 329 provides for the naturalization of persons who served honorably in the military, air, or naval forces of the United States between February 28, 1961 and October 15, 1978, so long as the persons either enlisted in the United States, the Canal Zone, American Samoa, or Swains Island, or at any time subsequent to enlistment were lawfully admitted to the United States for permanent residence. 8 U.S.C. § 1440(a) (1982). Garcia enlisted in the Philippines, however, *Banaag v. United States,* 695 F.2d 1133, 1135–36 (9th Cir. 1983) ("United States" does not include the Philippines prior to independence); *Garces,* 192 F.Supp. at 440 (same), and he was never lawfully admitted to the United States as a permanent resident, *Banaag,* 695 F.2d at 1135.

Accordingly, the order of the district court denying the petition for naturalization is AFFIRMED.